UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 3:02CR230(SRU) |
| | : | |
| DEBORAH KERPEN | : | |
| (a.k.a. DEB KERPEN, DEBBIE KERPEN) | : | November 4, 2004 |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

On February 25, 2004, the defendant, Deb Kerpen, pleaded guilty to Counts 1 and 41 of the Indictment in this case. Count 1 charges her with conspiracy to violate 18 U.S.C. § 1952 (a)(3) (using interstate facility to carry on a prostitution enterprise), in violation of 18 U.S.C. § 371. Count 41 charges her with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Sentencing is scheduled for November 5, 2004, at 4:00 p.m. The Government respectfully submits this Memorandum in Aid of Sentencing.

**I.    APPLICATION OF SENTENCING GUIDELINES**

The Probation Office prepared a Presentence Report ("PSR"), which included certain recommendations regarding the application of the Sentencing Guidelines to this case. With respect to Count 1, the base offense level under Guidelines Sections 2E1.2(a)(2), 2G1.1(a), and 2X1.1(a) is 14. Four levels are added under Section 3B1.1(a) because the defendant was an organizer or leader and the criminal activity involved five or more participants. See PSR at ¶¶ 35-41. With respect to Count 41, the base offense level under Section 2S1.1, 2E1.2(a)(2), and 2G1.1(a) is 14. Two levels are added under Section 2S1.1(b)(2)(B), because the defendant was convicted under 18 U.S.C. § 1956. Counts 1 and 41 are grouped, pursuant to Section 2S1.1

1

(Application Note 6) and U.S.S.G. § 3D1.2(c). See PSR at ¶¶ 42-46. The combined offense level, calculated under Section 3D1.3(a), is 18. Three levels are subtracted under Section 3E1.1 for acceptance of responsibility, resulting in a total offense level of 15. See PSR at ¶¶ 47-49.

The Probation Office calculates that Kerpen is in Criminal History Category III. See PSR at ¶¶ 50-57. The Government agrees with this calculation, which is also in accord with the Plea Agreement. See Plea Agreement at 5. A total offense level 15 with a Criminal History Category III results in a range of 24 to 30 months' imprisonment and a fine range of $4,000 to $40,000. The Plea Agreement includes a provision whereby Kerpen reserved the right to move for a one-level downward departure on the grounds that Criminal History Category III overstates her actual criminal history. The Government agreed not to take a position on such motion, but reserved the right to present relevant facts to the Court. See Plea Agreement at 5 and PSR at ¶ 83. As of the time of filing this memorandum, the Government has not received a motion for downward departure from the defendant. If Kerpen were to file such a motion and if the Court were to grant it, her sentencing range would be 21 to 27 months' imprisonment.

## II.  CRIMINAL FORFEITURE

The Indictment includes a forfeiture provision (Count 45), which identifies five parcels of real property that were involved in or traceable to the criminal activity set forth in the Indictment. Pursuant to the Plea Agreement, Kerpen agreed to forfeit all her interest in these properties. See Plea Agreement at 3. Kerpen also agreed to forfeit her interest in certain personal properties that are the subject of a related civil forfeiture action in this Court. See United States v. One 37.5 Foot Baja Sport Cruiser Motorboat, et al., Civil No. 3:01CV02090(PCD).

Following Kerpen's plea of guilty, and upon motion of the Government, the Court entered a preliminary order of forfeiture with respect to the five real properties on March 9, 2004. Although Deb Kerpen has forfeited any claim to these five properties, her husband, Robert Kerpen, has filed a claim with respect to the proceeds of the sale of two of these five properties (131 Warner Road and 135 Warner Road, East Haven). Robert Kerpen's claim may ultimately require the Court to conduct an ancillary proceeding in order to determine whether he or any other person has any interest in these proceeds. Until Robert Kerpen's claim is finally adjudicated, the Court may not enter a final order of forfeiture with respect to these two properties. However, the Government will file at the time of sentencing a Motion for Final Order of Forfeiture with respect to the remaining three parcels of real property identified in Count 45 of the Indictment, as to which no person has filed a claim. In addition, the Government respectfully requests that the Court orally announce at sentencing the forfeiture judgment as against Deb Kerpen for all five properties, and include the forfeiture judgment as against Deb Kerpen in the Judgment and Commitment Order. See Fed. R. Crim. P. 32.2.

**III.   SENTENCE OF IMPRISONMENT**

The Government respectfully submits that the Guidelines calculation set forth in the PSR (Level 15, Criminal History Category III), which results in a sentencing range of 24 to 30 months, is an appropriate sentencing range in this case. Kerpen organized and operated a criminal prostitution enterprise that employed numerous women from the early 1980s through 2002. Through this illegal enterprise, Kerpen received millions of dollars in income, which she used to buy real property, horses, vehicles, and boats and to maintain her affluent lifestyle. Kerpen continued her involvement in this enterprise even while serving an 18-month term of

probation in connection with her conviction in Superior Court in February of 1995 for promoting prostitution. See PSR at ¶¶ 12, 13, and 55.

Kerpen has expressly agreed not to appeal or collaterally attack in any proceeding her conviction or the sentence of imprisonment imposed by the Court if that sentence does not exceed 30 months, even if the Court were to reach a sentencing range permitting such a sentence by a Guidelines analysis different from that specified in the Plea Agreement. See Plea Agreement at 6.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence that is consistent with the Guidelines calculation set forth in the PSR. The Government additionally requests that, with respect to the five parcels of real property identified in Count 45 of the Indictment (and the proceeds from the sale of such properties), the Court announce at sentencing a judgment of forfeiture as against Deb Kerpen, and include that judgment of forfeiture in the Judgment and Commitment Order.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

By:   /s/ BRIAN E. SPEARS
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. CT14240

For:   JOHN A. MARRELLA
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. CT19473
    157 Church Street
    New Haven, CT 06510
    Telephone: (203) 821-3700

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was delivered by hand this <u>4th</u> day of November, 2004, to:

William Bloss, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

and

Mark Myers
United States Probation Office
157 Church Street, 22nd Floor
New Haven, CT 06510

 

                                                              _____
                                                              /s/ BRIAN E. SPEARS
                                                              Assistant United States Attorney